IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COLIN E. SEALE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:04-CV-1062-MEF |
| | ) [WO] |
| | ) |
| SCOTT MIDDLEBROOKS, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Colin Seale ["Seale"], a federal inmate. In this petition, Seale complains that the Federal Bureau of Prisons ["BOP"] has erroneously interpreted the directives of 18 U.S.C. § 3624(b)(1) and improperly calculated his good conduct credits.[1]

**DISCUSSION**

---

[1] 1. Section 3624(b)(1) provides, in pertinent part, that "a prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

Seale contends that 18 U.S.C. § 3624(b)(1) requires that he earn 54 days of good conduct credit for each year of the 9-year sentence of imprisonment imposed upon him by the sentencing court and not, as the BOP has interpreted the statute, 54 days credit for each year he actually serves in prison. The interpretation of the statute proposed by Seale would entitle him to a total of 486 days of good conduct credit, whereas the BOP's "projected total of good conduct time . . . is 423 days." *Petitioner's Exhibit G*. "The BOP . . . derived this [amount of good conduct time] from using a mathematical calculation method set forth in its Sentence Computation Manual, Program Statement 5880.28. The Program Statement, which is a BOP internal operating guideline, instructs the BOP to award a prisoner .148 days (which is 54/365) for each day a prisoner serves in one of its facilities in excess of one year, subject to the BOP's determination that the prisoner has satisfactorily complied with institutional regulations during that previous year." *Brown v. McFadden*, 416 F.3d 1271, 1272 (11th Cir. 2005). Seale argues that "[t]he .148 method that is used by the B.O.P. is off the mark . . ." *Memorandum Brief in Support of Petition* at 2.

Disposition of the issue presented pending before this court is governed by *Brown*, *supra*., in which the Eleventh Circuit rejected the argument for relief presented by Seale and determined that "[e]ven though [18 U.S.C. § 3624(b)(1)] is ambiguous, the BOP's interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable and therefore due to be affirmed." 416

F.3d at 1273. In light of the foregoing, the court concludes that Seale is entitled to no relief from this court.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DENIED and this case be DISMISSED with prejudice.

It is further

ORDERED that on or before February 13, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

Done this 30th day of January, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE